IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DE'ANDRE L.W. TRUSS,         )
                             )
                  Petitioner,)
                             )
vs.                          )   Case No. 3:15-cv-00259-DRH
                             )
PEOPLE OF THE                )
STATE OF ILLINOIS,           )
                             )
                  Respondent,)

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner De'Andre L.W. Truss is currently incarcerated in the Robinson Correctional Center in Robinson, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Truss has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 2014 conviction in the Circuit Court of Bond County, Illinois for unlawful possession of cannabis with intent to deliver pursuant to 720 ILCS 550/4(d). (*Id.*) Truss argues that his state drug conviction should be vacated due to the ineffective assistance of his trial counsel, as counsel encouraged him to plead guilty despite the fact that his confession was purportedly coerced, counsel failed to deliver on various promises concerning

probation and sentencing, counsel failed to contact certain witnesses to testify on his behalf, and counsel refused to ask for a change of venue.  (*Id.* at 8-16.)

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Procedural History

On November 12, 2014, Truss pled guilty to cannabis charges in the Circuit Court of Bond County, Illinois. (Doc. 1. at 1.)  He was sentenced to 39 months in prison with 1 year of supervised release, and now resides at the Robinson Correctional Center in Robinson, Illinois.  (*Id.*)  Truss claims that his trial counsel was ineffective because counsel failed to press against a guilty plea by telling Truss that objections to a search and to his confession would be fruitless.  (*Id.* at 8-9.)  In addition, Truss claims that his counsel was ineffective for not following his "request for a change of venue" due to the judge's "conflict of interest."  (*Id.* at 10-11.)  Also, Truss claims that trial counsel was ineffective related to his plea agreement, as trial counsel promised that, if Truss pled guilty, the State's Attorney would recommend probation and his sentence would include time served.  (*Id.* at 12-13.)  Finally, Truss argues that trial counsel was ineffective for

refusing to object to an alleged fabrication of evidence by the State's Attorney and for refusing to contact or investigate witnesses on Truss' behalf. (*Id.* at 14-15.)

Since his November 2014 conviction and sentence, Truss has not filed any appeal with the Illinois appellate courts and has not otherwise sought state postconviction relief. (*Id.* at 2-5.) He lays the blame for his failure to appeal primarily on his counsel, stating that he received ineffective assistance from his case attorney "as to the procedural process," and that his trial attorney did not give him "procedures to which an appeal could be forwarded." (*Id.* at 6 & 8.) He also claims that he could not appeal because he was detained at Graham Correctional Center for "more than 52 days and was not allowed to seek assistance from the law library," that only since his transfer to Robinson was he granted "access to the law library and given limited assistance from [an] inmate law clerk," and that his initial attempt to file in the appropriate court was incorrect because he was not given the correct "form and address." (*Id.* at 6.)

On March 9, 2015, Truss filed a § 2254 petition with this Court. (*Id.* at 1.)

## Discussion

"It is well-established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies" before seeking federal relief. *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "opportunity to pass upon and correct violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Claims

are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). In the end, an "applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It appears that Truss still has state procedures available to him, meaning that his petition must be dismissed without prejudice for failure to exhaust. For one, Truss may still be able to file a direct appeal. While Illinois Supreme Court Rule 606 states that a notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from," Rule 606 goes on to state that an extension of time could be granted on motion by a party if the motion is "supported by a showing by affidavit [or certification] that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence." This motion must be filed "within six months of the expiration of the time for filing the notice of appeal," and must be accompanied "by the proposed notice of appeal." ILL. S. CT. R. 606(c). According to his petition, Truss' judgment was not entered until November 12, 2014, and so he appears to still have time to seek an extension under Rule 606.

In addition, even if a direct appeal was foreclosed, Truss has not yet pursued state postconviction relief. Under Illinois law, if a "defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years

from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c). To be sure, Illinois courts usually rule that matters that were raised or could have been raised on direct appeal are foreclosed in a postconviction proceeding, including inadequate representation claims where the basis for the claim appears in the record. *See United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir. 1985) ("The rule in Illinois is that a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief."). However, Illinois courts have carved out an exception to this rule for ineffective assistance claims concerning facts outside of the record. *Gornick v. Greer*, 819 F.2d 160, 161 (7th Cir. 1987) ("[I]neffective assistance of counsel claims often involve facts outside the record and therefore such claims can usually be raised in an Illinois post-conviction proceeding."). Here, most of Truss' claims concern the ineffective assistance of his trial counsel, and one of those claims concerns counsel's "refusal to contact witnesses on [Truss'] behalf." (Doc. 1 at 14.) As such, at least some of Truss' claims appear to relate to facts outside of the record, meaning he has not exhausted his state court remedies. *Gornick*, 819 F.2d at 61 ("[I]neffective assistance of counsel claims involving failure to present certain witnesses or evidence generally meet the exception since they usually involve facts outside the trial record.").

Finally, as an explanation for why his claims should proceed despite a lack of exhaustion, Truss points at the conduct of his appellate counsel – he argues

that no appeal was filed because he received "ineffective [assistance of] counsel from [his] case attorney as to the procedural process." (Doc. 1 at 6.) However, this argument itself qualifies as a constitutional claim that must be presented to the state courts before it may form the basis for federal relief. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (ineffective assistance adequate to establish cause for procedural default of some other constitutional claim is itself an independent claim that must be first raised in state court). And because Illinois courts do not typically apply waiver to postconviction claims of ineffective assistance of appellate counsel, this claim could likely be brought in an Illinois postconviction proceeding. *See United States ex rel. Clauser v. Shadid*, 677 F.2d 591, 594 (7th Cir. 1982) (a "claim of inadequate representation on appeal would be cognizable under the Post-Conviction Hearing Act"); *see also People v. Gulley*, 891 N.E.2d 441, 446 (Ill. Ct. App. 2008) (finding that there was no waiver for claim that "appellate counsel rendered ineffective assistance of counsel in advising [a defendant] to abandon his appeal," and highlighting that, "[i]n postconviction proceedings, the doctrine of waiver will be relaxed where the waiver allegedly stems from the incompetence of appellate counsel").

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). However, if dismissal would bar a future habeas case because of the habeas statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claims.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). There appears to be little risk to Truss' future habeas case if he diligently pursues relief with the Illinois courts: his conviction was entered in November 2014, and he has one year from the time that his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to seek habeas review from the federal courts. 28 U.S.C. § 2244(d)(1). Because Truss has time to pursue state relief, there is no need for a stay here. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (no risk warranting a stay because "more than five months" of the "limitation period remained when the district court" dismissed the petition).

As to a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." However, a dismissal without prejudice for failure to exhaust is not an appealable final order unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis v. Chambers*, 454 F.3d 721, 723-24 (7th Cir. 2006); *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir.2004). For the reasons put forth above, Truss will not be time barred if he acts diligently in pursuing his state remedies, so no certificate of appealability is required here.

### Disposition

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice to

Petitioner's refiling it in a separate action after he has exhausted all of his available state remedies.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: March 27, 2015**

Digitally signed by David R. Herndon
Date: 2015.03.27 14:02:05 -05'00'

**District Judge**
**United States District Judge**